VALENTOUR, d.b.a. CENTERVILLE CHILD
DEVELOPMENT CENTER, Appellee,

v.

ALEXANDER, Appellant.*

[Cite as *Valentour v. Alexander* (1994), 96 Ohio App.3d 718.]

Court of Appeals of Ohio,
Montgomery County.

No. 14277.

Decided Aug. 10, 1994.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 71 Ohio St.3d 1444, 644 N.E.2d 407.

*Joseph C. Valentour, pro se.*

*Lana Greene,* for appellant.

GRADY, Presiding Judge.

Laura Alexander appeals from the Kettering Municipal Court's decision adopting the report and recommendation of its referee and entering judgment against Alexander and in favor of Joseph C. Valentour in the amount of $586.50, plus interest.

On May 11, 1992, Laura Alexander entered into a contract with Valentour Educational Systems, Inc., d.b.a. Centerville Child Development Center, which agreed to provide daycare services for her two children. Joseph Valentour signed that contract as director on behalf of Valentour Educational Systems, Inc. The contract provided that either party could terminate the contract after giving thirty days written notice.

On November 9, 1992, Joseph Valentour commenced a breach of contract action against Laura Alexander in Kettering Municipal Court, Small Claims Division. The matter was captioned *Joseph Valentour, d.b.a. Centerville Child Development Center v. Laura Alexander.* Valentour alleged that Laura Alexander breached the contract when she terminated the daycare agreement without giving the required thirty day written notice. Valentour sought damages in the amount of $586.50, plus interest.

Alexander filed her answer and a counterclaim, alleging that she terminated the contract and removed her children from Valentour's care because Valentour had breached his duties by failing to protect Alexander's children from racial slurs made by other children at the child care facility, which resulted in emotional distress to Alexander's children. Alexander sought monetary damages of $1,000.

The case was sent to a referee for hearing. The referee issued a report, recommending a judgment in favor of Joseph Valentour on the breach of contract action in the amount of $586.50 plus interest, and that Alexander's counterclaim be dismissed for failure of proof.

Laura Alexander timely filed objections to the referee's report, arguing, among other things, that Joseph Valentour lacked standing to bring this breach of contract action in his name. She argued that Valentour Educational Systems, Inc., d.b.a. Centerville Child Development Center, and not Joseph Valentour, was the party with whom Alexander contracted and, therefore, the real party in

interest. The trial court remanded this matter to the referee for findings of fact and conclusions of law regarding Joseph Valentour's standing to prosecute this breach of contract action.

The referee issued another report containing the findings mandated by the trial court. The referee found that Joseph Valentour began the process of incorporation in the spring of 1992, and that Valentour was unsure whether this process was completed and his business was incorporated when he entered into the written contract with Laura Alexander on May 11, 1992. The referee indicated that Joseph Valentour had been restricted at trial to presenting only those matters of which he had personal knowledge, and that Valentour was not permitted to cross-examine Alexander or any of her witnesses. The referee further found that Laura Alexander did not object to Valentour's standing to bring this breach of contract action, and did not seek a dismissal of this cause on that basis, either in her answer or at the trial before the referee.

Laura Alexander once again timely filed objections to the referee's report. Alexander asserted that, contrary to the referee's findings, she did object at trial to Valentour's standing to bring this breach of contract action.

On September 16, 1993, the Kettering Municipal Court issued its decision and judgment entry adopting the referee's report and recommendation. The trial court concluded that Laura Alexander had waived the real party in interest issue by failing to timely object and, in any event, that the trial before the referee was conducted in accordance with law. The court noted that an officer of a corporation who is not an attorney at law is authorized to present the corporation's claims in small claims court based upon a contract to which the corporation is a party, so long as that corporate officer does not engage in acts of advocacy. The trial court entered judgment in favor of Joseph Valentour for $586.50 plus interest, and dismissed Alexander's counterclaim. Laura Alexander has timely appealed to this court.

Alexander's first assignment of error states:

"The trial court erred by entering judgment in favor a party who had no cause of action against defendant."

Alexander argues that the trial court was without authority to enter a judgment in favor of Joseph Valentour, personally, on a contract made by his corporation. She argues that he is not the real party in interest harmed by the breach alleged.

Civ.R. 17(A) permits a party authorized by statute to sue in his or her name as a representative without joining the party for whose benefit the action is brought. R.C. 1925.17 provides:

"A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party to any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy."

Valentour brought this action in his own name. He did not plead the existence or role of his corporation in connection with the contract with Alexander. However, he was not required to do so to preserve the standing of the corporation to bring the claim.

The essence of Alexander's argument, however, is that the trial court could not enter a judgment for Valentour, personally, because the contract in issue was made by a corporation. The trial court found that Alexander had failed to raise this issue timely. Alexander argues that she did, in the proceedings before the referee. Valentour concedes as much. However, we have no transcript from which the question may be resolved.

■ We believe that the trial court was correct, but for reasons other than the one on which it relied. Alexander filed only a general denial in her answer to Valentour's complaint, which alleged a claim running to his benefit. Civ.R. 9 provides:

"(A) Capacity. It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of person that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued in a representative capacity, he *shall* do so by specific negative averment, which *shall* include such supporting particulars as are peculiarly within the pleader's knowledge." (Emphasis supplied.)

Alexander's general denial failed to make the averments concerning Valentour's capacity to sue required by Civ.R. 9(A), so she cannot now raise an issue concerning the court's power to render a judgment in his favor because he lacks that capacity. Further, we are satisfied that this holding creates no manifest injustice; the corporation was owned by Valentour, who performed the services in issue. The benefit of any judgment for the corporation could only flow to him, personally. The first assignment of error is overruled.

Appellant's second assignment of error states:

"The trial erred by failing to obtain the consent of the parties prior to appointment of a referee which would permit defendant/appellant to object to such hearing and/or request a record as required by Ohio Civil Rule 53(C)."

█ The trial court may make an order of reference to its duly appointed referee to hear any issue in a case in which the parties are not entitled to a trial by jury. Civ.R. 53(A).

Civ.R. 38 provides, *inter alia:*

"(B) Demand. Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing and may be indorsed upon a pleading of the party. If the demand is endorsed upon a pleading the caption of the pleading shall state 'jury demand endorsed hereon.'

" * * *

"(D) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

█ Appellant did not make a timely demand of trial by jury in the manner required by Civ.R. 38(B). Therefore, pursuant to Civ.R. 38(D), she waived that right. The trial court was then free to refer all issues in the case to its referee for a hearing and report. The court was not required to obtain the prior consent of either party. Appellant's argument that the court was so required lacks merit, as does her related argument that the failure to obtain her prior consent somehow impaired her opportunity to request a transcript of the proceedings before the referee. The second assignment of error is overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

KERNS, J., concurs.

FAIN, J., dissents.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.

FAIN, Judge, dissenting.

From my review of the record in this case it appears that the trial court found that the contract proven by the plaintiff in this case, Joseph C. Valentour, was not with him, but was between the defendant, Laura Alexander, and a corporation. Accordingly, I agree with Alexander that the plaintiff, Joseph C. Valentour, has failed to prove a set of facts upon which he can recover in this case, so that judgment should have been for the defendant based upon a failure of proof. Alexander has correctly argued at each stage of this litigation, including during this appeal, that Valentour has proven no set of facts that would establish that she is liable to him.

R.C. 1925.17 provides that:

" * * * a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party * * *, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy."

The foregoing would have permitted Joseph C. Valentour, an officer of the corporation having a contract with Alexander, to have filed an action against Alexander on behalf of the corporation; it does not establish an action on behalf of Valentour, however. Civ.R. 17(A) similarly provides that under certain circumstances, one person may bring an action in a representative capacity on behalf of another by suing "in his name as such representative." Nothing in the file in this case establishes that Joseph C. Valentour has brought this action in a representative capacity on behalf of the corporation.

Had Valentour brought this action on behalf of the corporation, I would agree with the trial court's reasoning that it became too late, after the hearing, to challenge Valentour's standing to bring the action on behalf of the corporation. However, Valentour did not bring this action on behalf of the corporation, but upon his own behalf. Although Alexander asserts a standing issue, she correctly asserts the more profound issue—that the only named plaintiff has proven no set of facts upon which he can recover.

If this judgment is allowed to stand, the corporation, which is not and has never been named as a party to this action, will be able to bring its own action against Alexander, and to recover judgment against her. Although one would hope and trust that Valentour would not take advantage of such an unfair opportunity, creditors of the corporation, through a receiver, could bring an action against Alexander on behalf of the corporation.

I would follow *Oda v. Davis* (1992), 81 Ohio App.3d 555, 611 N.E.2d 933, a decision of this court, reverse the judgment of the trial court, and remand the cause to be dismissed by the trial court unless the plaintiff shall amend his cause of action within a reasonable period of time to reflect that it has been brought on behalf of the corporation.