LOGAN & COMPANY, INC., Appellee,

v.

CITIES OF AMERICA, INC., Appellant.

[Cite as *Logan & Co., Inc. v. Cities of Am., Inc.* (1996), 112 Ohio App.3d 276.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5329.

Decided July 1, 1996.

*Ronald J. Yourstowsky*, for appellee.

*Newman, Olson & Kerr* and *Martin S. Delahunty III*, for appellant.

———————

FORD, Presiding Judge.

Appellant, Cities of America, Inc., appeals from a judgment of the Trumbull County Eastern Area District Court in favor of appellee, Logan & Company, Inc.

The instant case concerns a debt which arose from an unpaid invoice for clothing and coffee mugs printed by appellee for appellant. The parties entered into an agreement that called for a fifty-percent deposit with the balance due on completion of the goods. A small claims complaint seeking judgment for $1,442 was filed on February 23, 1995, naming James P. Logan, d.b.a. Logan & Company, as plaintiff and Donald Harriott, d.b.a. Cities of America, as defendant. In the answer, appellant denied owing any money to appellee and also presented the affirmative defense of accord and satisfaction.

On March 13, 1995, the trial court granted appellant's motion to transfer the case to the regular docket pursuant to R.C. 1925.10.[1] The pretrial hearing was conducted on June 12, 1995. Appellant filed a motion for continuance of the trial, scheduled for July 31, 1995, based on a schedule conflict of appellant's counsel. The motion was overruled, and appellant's counsel submitted a written argument to the trial court in lieu of an appearance. On July 31, 1995, the matter proceeded to bench trial. Appellant failed to appear at trial. The trial court granted judgment for appellee in the amount of $942.82 plus costs and interest and entered a temporary restraining order on appellant's property.

Appellant filed a timely appeal and raises the following assignments of error:

"1. The trial court erred as a matter of law in granting judgment to [appellee] against [appellant].

"2. The trial court erred in granting a temporary restraining order with respect to the funds and assets of [appellant]."

As a preliminary matter, we note that appellant failed to submit citations to support its arguments and failed to point to the location of the alleged errors in the record, a prohibited practice under App.R. 16(A)(7). Pursuant to App.R. 12(A)(2), this court is under no obligation to review the matter any further. However, in the interests of justice, we will address appellant's arguments.[2]

———————

1. Appellee did not file a motion in opposition.

2. In addition, appellee submitted arguments in support of the trial court's decision which are, in substance, cross-assignments of error under App.R. 4(B). However, appellee failed to

■ In the first assignment, appellant initially contends that the trial court erred in granting judgment to appellee when the party that initiated the suit was James P. Logan, an individual, and not the entity known as Logan & Company, Inc. Appellant argues that since there was no order showing a substitution of parties, the trial court was without power to grant judgment in the company name.

A review of the record reveals that the complaint specified "James P. Logan d.b.a. Logan & Company" as the plaintiff. The small claims information sheet listed "Logan & Co." and "James P. Logan" as plaintiffs. We note that appellant's motion to transfer the case to the regular docket lists "James P. Logan d.b.a. Logan & Company" as plaintiff. This language indicates appellant's awareness of plaintiff's identity. Appellee submits that the computer system at the Trumbull County Eastern Area District Court does not print the "d.b.a." designations. It is our view that the truncated plaintiff designation on the various court documents, including the judgment entry, did not serve to change the parties involved in the instant case. No substitution of parties occurred.

■ Appellant's contention goes to appellee's capacity to sue. Under Civ.R. 9(A), if the defendant contests the capacity of the plaintiff to sue, that defense must be made by specific negative averment, including the supporting particulars which are peculiarly within the defendant's knowledge. Appellant's answer contained a general denial of the debt and a defense of accord and satisfaction, but did not include any allegation concerning appellee's capacity to sue. In addition, appellant's written argument submitted to the trial court for the purpose of the trial on July 31, 1995, recited the same defenses as had been stated in the answer. Since appellant failed to raise the capacity issue before the trial court, appellant waived the alleged error and is now precluded from raising it on appeal. *Valentour v. Alexander* (1994), 96 Ohio App.3d 718, 721, 645 N.E.2d 1292, 1293–1294; *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630–631. Further, we fail to see how the judgment entered in the company's name results in any prejudice or manifest injustice to appellant. We conclude that the trial court properly granted judgment in the name of Logan & Company. Appellant's first argument is without merit.

■ In the second argument, appellant asserts that an officer of a corporation cannot represent that corporation in a legal proceeding. "Ohio courts, including this court, have consistently held that, outside of small claims court * * * [R.C. 1925.17], an individual, including a corporate officer, who is not an attorney may

comply with the requirements under that rule. Accordingly, we will not address appellee's defectively styled cross-assignments of error.

280

not appear in court or maintain litigation *in propria persona* on behalf of a corporation." *Kruck v. Agile Equip. Distrib., Inc.* (Mar. 8, 1996), Lake App. No. 95–L–109, unreported, 1996 WL 200587.

A review of the record reveals that Logan is president of Logan & Company, Inc., and is apparently the owner as well. Appellant failed to provide this court with a transcript, or a narrative or an agreed statement, under either App.R. 9(C) or (D). "It is fundamental that appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197 [15 O.O.3d 218, 400 N.E.2d 384]. In the absence of an adequate record, we must presume the regularity of the proceedings below." *Schialdone v. Schialdone* (Dec. 16, 1994), Trumbull App. No. 93–T–5007, unreported, at 6, 1994 WL 721621.

Without the benefit of a transcript or suitable alternative, we cannot determine whether Logan engaged in any acts of advocacy beyond being a witness at the hearing on July 12. Because appellant cannot demonstrate error, we presume the regularity of the proceedings in the trial court. Appellant's first assignment is without merit.

■ In the second assignment, appellant argues that the trial court improperly granted a temporary restraining order when no motion had been filed that satisfied the conditions of Civ.R. 65(A). A review of the record reveals that the trial court granted a preliminary restraining order, and not a temporary restraining order. The record does not contain a copy of a motion for a preliminary or temporary restraining order. The verbiage concerning the preliminary restraining order is contained in the trial court's order, which was responsive to the motion advanced on behalf of appellee for an examination of the judgment debtor. Again, we do not have a transcript or appropriate statement before us to indicate whether the trial court entered the preliminary restraining order upon appellee's oral motion, which would have constituted an act of advocacy. Thus, we cannot conclude that the court erred by granting the preliminary restraining order. Because appellant cannot demonstrate the alleged error in the record, we presume the regularity of the proceedings in the trial court. Accordingly, appellant's second assignment of error is without merit.

Appellant's assignments of error are without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

Joseph E. Mahoney, J., concurs.

Christley, J., dissents.

CHRISTLEY, Judge, dissenting.

While I agree with the majority's ultimate holding under the first assignment, I cannot agree with its conclusion under the second assignment that the trial court had the authority to grant the temporary restraining order against appellant. Specifically, I conclude that the court should not have granted either the order or the request for an examination of the debtor because the requests for each were not made by an attorney on behalf of appellee. Accordingly, I respectfully dissent in part.

R.C. 2333.09 sets forth the procedure by which a judgment creditor can move for an examination of the judgment debtor.[1] This statute provides that, before an order for the examination can be rendered, the judgment creditor must prove by affidavit that the judgment in question has not been satisfied.

Given that a judgment creditor has the burden of showing that an examination is necessary, I conclude that a trial court cannot grant an examination *sua sponte.* That is, before an order requiring the examination can be issued, the judgment creditor must move the court for the examination. Moreover, this motion must be accompanied by the affidavit which shows that the judgment has not been satisfied.

In the instant case, a review of the record indicates that the required affidavit was filed on behalf of appellee after the trial court had rendered its money judgment against appellant. In addition to stating that the judgment against appellant was still pending, the affidavit contained a specific request for a debtor examination.

However, my review of the motion/affidavit also shows that it was not filed on appellee's behalf by an attorney. Instead, the motion/affidavit was signed and filed by appellee's owner and president, James Logan.

As the majority correctly notes, a corporate officer generally cannot prosecute a legal action on behalf of the corporation unless the officer is also a practicing attorney. The only exception is when a corporation appears as a real party in interest in a small claims court. However, R.C. 1925.17 states that, even in small claims court, a corporate officer cannot engage in any act of advocacy. As the instant case had been transferred from the small claims court to the regular

---

1. By its own terms, R.C. 2333.09 indicates that the procedure set forth in the statute is only applicable to courts of common pleas. However, the Sixth Appellate District has held that the entire procedure set forth in R.C. Chapter 2333 is likewise applicable to municipal courts. *Toledo Edison Co. v. Allen* (1983), 13 Ohio App.3d 108, 13 OBR 126, 468 N.E.2d 373. In support of this holding, the Sixth Appellate District aptly noted that R.C. 1901.21(A) expressly provides that the procedure in a municipal court shall be the same as in a court of common pleas unless a specific provision in R.C. Chapter 1901 is controlling.

docket of the municipal court, there was absolutely no latitude for a corporate officer to appear in any capacity except that of a witness.

In my opinion, the filing of a motion for a debtor examination was an act of advocacy which could not be performed by a corporate officer. Although I would agree that the affidavit concerning the nonsatisfaction of the judgment could be signed by a corporate officer, the presentment of the motion for the examination is a separate act which can only be performed by an attorney.

Pursuant to the foregoing analysis, and despite the silent record, I conclude that there was no possible way a proper motion for a debtor examination to have been made in this case. Thus, the trial court lacked the authority to either render the judgment in which it granted the examination or to order appellant not to dispose of any of its property. Thus, I would hold that appellant's second assignment of error has merit.