WAGGONER, Appellee,

v.

CARSEY et al.; Kohl, Appellant.

[Cite as *Waggoner v. Carsey* (1998), 129 Ohio App.3d 79.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–97–121.

Decided July 24, 1998.

*Vesper C. Williams II,* for appellee.

*Alan R. Mayberry,* Wood County Prosecuting Attorney, and *Raymond C. Fischer,* Assistant Prosecuting Attorney, for appellant.

———————

MELVIN L. RESNICK, Judge.

This is an interlocutory appeal, brought pursuant to R.C. 2744.02(C),[1] from a judgment of the Wood County Court of Common Pleas denying in part appellant's motion for summary judgment. John Kohl, Wood County Sheriff, appeals and assigns the following as error in the proceedings below:

"The trial court erred and abused its discretion in its denial of summary judgment based upon sovereign immunity by concluding that the Wood County Justice Center's 'Release Policy' was wantonly reckless or maliciously implemented."

The facts relevant to a disposition of this appeal are taken from the pleadings, interrogatories, affidavits, and the deposition of appellee.

———————

1. Even though this case was commenced three days before the effective date of the statute, the appeal was allowed pursuant to our decision in *Kagy v. Toledo–Lucas Cty. Port Auth.* (1997), 121 Ohio App.3d 239, 699 N.E.2d 566.

Sometime after midnight on November 15, 1996, appellee, Kyer E. Waggoner, left a bar and began walking down Main Street in Bowling Green, Wood County, Ohio. According to Waggoner, a Bowling Green police officer, Alan W. Carsey, parked his patrol vehicle, approached Waggoner, and shoved him to the ground. Waggoner maintained that the officer then stepped on his stomach and hand-cuffed him before placing him under arrest for disorderly conduct while intoxicated.

Waggoner was transported to the Wood County Justice Center, where he was held on a probation violation.[2] Appellee testified that he first complained of a pain in his side at lunchtime on the day he was arrested. Over the next ten days, the nursing staff treated appellee's alleged medical condition with Advil and Tylenol. According to Waggoner, his condition worsened after the first five days. He woke up in the middle of the night of the fifth day in extreme pain. Appellee stated that the next five days were "very vague" to him. He was vomiting, had extreme pain in his bowels, and had a fever.

On November 25, 1996, Waggoner was released from custody. The entry filed by the Bowling Green Municipal Court approving Waggoner's release indicates that he was "suffering from a kidney/urinary ailment." It is undisputed, howev-er, that, upon release, appellee was not permitted to leave the Justice Center because he had no transportation home. Waggoner described his release as follows:

"A. * * * Well, I got out early but you can't leave the jail unless you have transportation and I didn't have any transportation so I had to sit in the waiting area for quite some time and then a deputy took me home that was getting off duty or going on a run somewhere.

" * * *

"Q. You got home then late in the afternoon?

"A. Correct."

On the morning of November 26, 1996, appellee went to a hospital emergency room, where he was diagnosed as having a perforated sigmoid colon and peritonitis. Waggoner underwent emergency surgery, during which a colostomy was performed.

---

2. From the materials in the record, it appears that Waggoner either arrived at the Justice Center on November 17, 1996, or registered his first medical complaint on that date. However, viewing the facts in a light most favorable to appellee, we have used his deposition testimony to establish the pertinent time periods.

On January 24, 1997, appellee commenced the instant action against Kohl, both individually and in his capacity as Sheriff of Wood County.[3] Waggoner's claims were based on the alleged assault at the time of his arrest, the poor medical treatment he received while he was incarcerated, and the manner of his release from the Justice Center. In Paragraphs 17, 18, and 19 of his complaint, Waggoner alleged that (1) due to his serious illness, the court had been asked to release him from jail in order to avoid paying expensive medical expenses, (2) instead of sending Waggoner to the hospital, the sheriff released him from jail and would not allow him to leave without transportation, and (3) appellee was unable to obtain transportation home until four hours after his release.

Based on his factual allegations, appellee asserted that he had been injured as a result of Kohl's negligent and intentional acts, that violations of his rights under the United States Constitution were actionable under Section 1983, Title 42, U.S.Code, that his rights under the Ohio Constitution had been violated, that his liberty interests (right to medical treatment) provided by certain provisions of the Ohio Administrative Code had been denied, and that Kohl had known of and consented to the willful denial of emergency medical treatment of Waggoner in order to avoid incurring medical expenses for the county.

Kohl filed a motion for summary judgment, asserting that he had no contact with appellee either before or during appellee's incarceration and could not, therefore, be held liable in his individual capacity. With regard to appellee's claims against Kohl in his official capacity, appellant contended that he was immune from liability under R.C. Chapter 2744, the Political Subdivision Tort Liability Act, and that the Wood County Justice Center was not the medical care provider for its inmates.

As to appellee's action under Section 1983, Kohl argued that appellant failed to state a claim under the statute. In the alternative, he asserted that he was shielded from liability by the doctrines of governmental immunity and/or absolute or qualified immunity.

The trial court granted Kohl's motion for summary judgment in part, finding that no question of fact existed on the issues of (1) any suggestion of individual liability on the part of Kohl, (2) Kohl's immunity from liability pursuant to R.C. Chapter 2744 for any intentional act on the part of Carsey and alleged negligence occurring in Waggoner's medical treatment, and (3) Waggoner's failure to state a viable claim against Kohl under Section 1983 as that claim related to appellee's arrest and lack of medical treatment. The court did, however, find that neither R.C. Chapter 2744 nor qualified immunity was applicable on the question of

---

3. Several other persons were named in appellee's complaint, but they are not parties to this appeal.

Kohl's policy on release of prisoners. The court ruled that appellee's state and federal claims against the sheriff could proceed to trial on the issue of whether the Wood County Justice Center's release policy was so egregious as to override appellant's alleged immunity from liability.

Kohl appeals only that aspect of the trial court's judgment finding that Kohl is not immune from liability under R.C. Chapter 2744.

█ We are compelled to note that Kohl provides this court with facts and supplementary materials that were not before the trial court. We, however, are permitted to consider only that evidence that was before the trial court. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 405, 8 O.O.3d 405, 407, 377 N.E.2d 500, 501–502; *Logan & Co., Inc. v. Cities of Am., Inc.* (1996), 112 Ohio App.3d 276, 280, 678 N.E.2d 613, 615–616. Therefore, those facts that were not before the trial court but are in appellant's brief and in Appendices B, C, and D to appellant's brief will not be considered by this court in the determination of this appeal.

Summary judgment can be granted under Civ.R. 56(C) when the movant establishes the following: (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.

Kohl first asserts that R.C. 2744.02(A)(1) provides him with blanket immunity because he was engaged in a governmental function. Second, he contends that he is immune from liability because appellee failed to offer evidence of the fact that his creation/implementation of a release policy was done with malicious purpose, in bad faith, or in a reckless manner. See R.C. 2744.03(A)(6)(b).

R.C. 2744.02(A)(1) provides a political subdivision with immunity from liability arising from negligent acts or omissions performed in connection with a governmental function of the political subdivision or its employees. R.C. 2744.01(C)(2)(h) lists the operation of a jail or other detention facility as a governmental function. Thus, Wood County, if named in this case, would be immune from liability. John Kohl, however, is an employee of a political subdivision. See R.C. 2744.01(B).

Accordingly, under the circumstances of this case, Kohl, as an employee of a political subdivision, is immune from liability for negligence occurring in the operation of the Justice Center unless:

"(a) His acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6).

R.C. 341.01 provides that the sheriff is in charge of the county jail and all persons confined therein. Pursuant to the statute, the sheriff is required to keep such persons safely and govern and regulate the jail pursuant to the minimum standards for jails in Ohio as promulgated by the Department of Rehabilitation and Correction. Ohio Adm. Code 5120:1-8-01 sets forth the minimum standards governing the reception, orientation, and release of prisoners.

No evidence was offered by appellee from which one could infer that Sheriff John Kohl, in formulating a release policy, failed to comply with the statute or regulation, acted outside the scope of his employment, or acted with malicious purpose, in bad faith, or in a wanton or reckless manner. In fact, the only evidence before the trial court regarding Sheriff Kohl's determination of a release policy was the sheriff's affidavit that the "Wood County Justice Center has obtained 100% compliance with all 313 minimum standards for a full-service corrections facility."

Further, there is no evidence that John Kohl had any contact with or supervised the release of Waggoner on November 25, 1996. Therefore, there is no evidence that Kohl himself acted outside the scope of his employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner in implementing the release policy. Consequently, while we may agree with the trial court that this was, indeed, an egregious situation, no question of fact exists on the issue of whether Kohl is immune from liability as to the Justice Center's release policy.

Accordingly, the trial court erred in denying appellant's motion for summary judgment. Appellant's sole assignment of error is well taken.

The judgment of the Wood County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. Appellee, Kyer E. Waggoner, is ordered to pay the costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., and SHERCK, JJ., concur.