OPINION
Appellant David Trout appeals the judgment entry of the Knox County Court of Common Pleas dismissing his petition for post-conviction relief. Appellee is the State of Ohio. On September 15, 1995, Appellant David Trout, II, was convicted pursuant to a guilty plea on one count of rape in violation of R.C. 2907.02. The trial court sentenced appellant to a term of five to twenty-five years in prison.
On August 30, 1996, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. The petition alleged that his counsel was ineffective for failing to file a motion to suppress his statement given to police and for improperly advising him to plead guilty. Attached to the petition was a notarized affidavit of appellant. In this affidavit, appellant alleged his trial counsel told him that he had to plead guilty solely because of the statement he had given to Detective Brennenman. Appellant asserted the Detective elicited the statement while appellant was intoxicated and that he was not informed of his Miranda rights. He further stated that had counsel not insisted on a plea, he would have insisted on a trial.
The trial court dismissed the petition without a hearing. Appellant appealed to this Court and we held the trial court erred by failing to make findings of fact and by denying appellant an oral hearing on his petition. We reversed and remanded the case to the trial court for an evidentiary hearing. The trial court conducted an evidentiary hearing, following which, the trial court dismissed appellant's petition in a judgment entry dated September 10, 1997.
It is from this judgment entry appellant prosecutes this appeal, raising the following assignment of error:
 I. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES CONSTITUTION IN THAT TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS A STATEMENT MADE PURSUANT TO A CUSTODIAL INTERROGATION WHILE HE WAS INTOXICATED AND WITHOUT HAVING BEEN ADVISED OF HIS MIRANDA
RIGHTS. MOREOVER, COUNSEL INSISTED THAT HE PLEAD GUILTY BASED ON HIS STATEMENT.
Appellant maintains he was denied effective assistance of counsel when defense counsel urged appellant to plead guilty to one charge of rape based upon a statement appellant made to Knox County police officers while in their custody. Appellant contends this statement was made while he was highly intoxicated and before he was informed of his Miranda rights. Appellant further contends defense counsel was ineffective for not moving to suppress this statement.
When a party seeks an appeal, "the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. The procedures for making the transcript, or a suitable alternative, a complete part of the record are contained with App.R. 9. In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. Wellsv. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289;Logan Co., Inc. v. Cities of Am., Inc. (1996), 112 Ohio App.3d 276,280. Upon review of the record, we find the transcript from appellant's evidentiary hearing or an acceptable alternative as provided within App.R. 9, were not included as a part of this appeal. Accordingly, we must presume the trial court acted within the limitations of proper procedure and made the correct findings of fact.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P.J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.