OPINION
Appellant Donahue Scanlon appeals the trial court's granting of a Civ.R. 41 (A) motion for involuntary dismissal of its action for legal fees against Hugh Tobin and Robert Martin, Jr. Donahue Scanlon assigns the following two errors for our review:
 I. THE TRIAL COURT ERRED IN DISMISSING THIS MATTER BECAUSE OF THE PLAINTIFF'S FAILURE TO FILE A FICTITIOUS NAME CERTIFICATE.
 II. THE TRIAL COURT ERRED IN RULING THAT THE WRITTEN ENGAGEMENT LETTER AGREEMENT BETWEEN THE PARTIES, WHICH THE DEFENDANTS-APPELLEES ADMIT THEY RECEIVED AND ADMIT CONSTITUTED A MEMORIAL OF THEIR AGREEMENT WITH PLAINTIFF-APPELLANT, WAS NOT ENFORCEABLE.
Having reviewed the record and the legal arguments of the parties, we reverse the decision of the trial court. The apposite facts follow.
On November 5, 1997, appellant Donahue Scanlon, a law firm, filed a complaint against appellees Hugh Tobin and Robert Martin, Jr. seeking $5,417.86 in fees for legal services rendered. Appellant attached to its complaint a bill reflecting $10,417.86 as the amount owed to them with a payment receipt of $5,000.
Appellees filed a cross-claim against Bingham Beer Works Company ("Bingham Beer") as a new party defendant to the action. Bingham Beer is an Ohio corporation of which Tobin and Martin are officers. In their answer to the complaint, appellees averred that they retained appellant to perform legal services on behalf of Bingham Beer,[1] not on behalf of them personally.
The court held a trial on July 21, 1998. Appellee Tobin testified that he and Martin consulted appellant for legal services in connection with raising money for a brew pub. Appellant prepared an engagement letter addressed to appellees outlining the fees for legal services to them. Appellant sent the letter to appellees, which they failed to accept. Appellee Tobin testified that he sent a personal check for $5,000 to appellant as a retainer. He added that the check was an advance to Bingham Beer Works by him and that Bingham Beer did not have a checking account at the time. Appellee Tobin stated that he and Scanlon maintained a separate account for paying the corporation's expenses with the intent of being reimbursed by the corporation at a later date.
Harvey Labovitz, an attorney with appellant, testified that after completing the Private Placement Memorandum, his firm sent appellees an invoice in the amount of $10,417.86 with a credit for the $5,000 retainer and reflecting a balance due of $5,417.86. Labovitz admitted that Bingham Beer had been in existence before appellees retained his firm.
At the close of appellant's case, appellees moved for a directed verdict alleging that the engagement letter prepared by appellant was inadmissible because it was not signed and that appellant lacked standing to sue because it failed to file a fictitious name certificate as required by R.C. 1777.02. The trial court granted the motion for directed verdict. This appeal followed.
In its first assignment of error, appellant argues the trial court erred in dismissing this matter because of its failure to file a fictitious name certificate. R.C. 1777.02 provides:
 Except as provided in this section, every partnership transacting business in this state under a fictitious name, or under a designation not showing the names of the persons interested as partners in the partnership, shall file for record, with the county recorder of the county in which its principal office or place of business is situated and of each county in which it owns real property, a certificate to be recorded and indexed by the recorder, stating the names in full of all the members of the partnership and their places of residence.
See also Dayton Monetary Associates v. Becker (March 6, 1998), Montgomery App. No. 16766, unreported. R.C. 1777.04 prohibits suit by the partnership if the requirements of R.C. 1777.02 are not met. Id. R.C. 1777.04 provides:
 No persons doing business as partners contrary to sections 1777.02, 1777.03, and 1777.05 of the Revised Code shall commence or maintain an action on or on account of any contracts made or transactions had in their partnership name in any court of this state until they first file the certificate required by such sections; but if such partners at any time comply with such sections, then they may commence an action, or if one has been commenced they may maintain it, on any such partnership contracts and transactions entered into prior to as well as after such compliance.
In this case, appellees argue they raised the issue of appellant's capacity to sue in its answer to the complaint when they denied appellant's assertion that it was "an Ohio general partnership engaged in the practice of law in the State of Ohio. Under Civ.R. 9 (A), a challenge to the capacity of any party to sue must be made by a negative averment "which shall include such supporting particulars as are peculiarly within the pleader's knowledge." See New Method Textiles, Inc. v. TGI Friday's, Inc.
(June 28, 1994), Franklin App. No. 93APG10-1360, unreported. However, it has been held that a general denial by the defendant is not sufficient to raise the issue of noncapacity. AllstateInsurance Co. v. LaCivita (Aug. 9, 1996), Portage App. No. 94-PA-0118, unreported, citing Gove Associates, Inc. v. Thomas (1977),59 Ohio App.2d 144, 145 and Valentour v. Alexander (1994),96 Ohio App.3d 718, 721, appeal dismissed (1995), 71 Ohio St.3d 1444. Where the defense of capacity to sue is not made by specific negative averment, it is waived. Logan Co., Inc. v.Cities off America, Inc. (1996), 112 Ohio App.3d 276, 279; Caytenv. Cayten (1995), 103 Ohio App.3d 354, 361; Dot Systems, Inc. v.Adams Robinson Ent., Inc. (1990), 67 Ohio App.3d 475, 481. The law is clear that a general denial, such as the one in this case, is not sufficient to raise the issue of capacity to sue. Appellees made no specific averments challenging appellant's capacity to sue. Consequently, they waived that defense. Appellant's first assignment of error is well taken.
In its proposed amendments to Donahue Scanlon's Civ.R. 9 (C) statement, appellees averred that the trial court's decision to grant the motion for directed verdict was based upon appellant's failure to demonstrate that it had standing to bring the action since it had not filed a fictitious name certificate. By adopting appellees' proposed amendments, the trial court confirmed that the alleged incapacity to sue was the basis for its decision to grant the motion for directed verdict.
 The terms "approval" and "conforms to the truth" as employed by Appellate Rules 9 (C), (D), and (E), mean that the trial court must first determine the accuracy and truthfulness of a proposed statement of the evidence or proceedings or an agreed statement and then approve it and sign it. This gives the trial judge the responsibility, duty, and authority to delete, add, or otherwise modify portions of a proposed statement so that it will conform to the truth and be accurate before he approves it.
Joiner v. Illuminating Co. (1978), 55 Ohio App.2d 187, 195-196. Having concluded that appellees waived their defense, we reverse the decision of the trial court and remand the case for further proceedings. In light of our decision, appellant's second assignment of error is moot.
The judgment of the trial court is reversed. This case is hereby remanded to the trial court for further proceedings.
Judgment reversed and remanded.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellees its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and LEO M. SPELLACY, J., CONCUR.
 _________________________________ PATRICIA ANN BLACKMON JUDGE
[1] Donahue Scanlon was hired to perform legal services in connection with the preparation of a Private Placement Memorandum for the sale of securities of Bingham Beer.