OPINION
{¶ 1} This is an accelerated appeal of a judgment of the Chardon Municipal Court, adopting the findings and recommendations of the Chardon Municipal Court, Small Claims Division, and entering judgment in favor of appellee, Ron Ray.
 {¶ 2} Appellee is a computer consultant and appellant, Gordon Petersen, is a builder. It appears from the record that appellee was operating as Northcoast Solutions ("Northcoast"), and that appellant was operating as Petersen Construction and Contracting, Inc. ("Petersen.").[1]
Petersen employed Northcoast over the course of several years to perform work on its computer system.
 {¶ 3} After a dispute arose between the parties, appellee sued appellant in small claims court, in their individual capacities, for payment for work he had done from January to March 2000. A magistrate heard appellee's claim on July 20, 2001. At the hearing, both appellee and appellant testified. On July 27, 2001, the magistrate issued findings of fact and recommendations. The magistrate recommended judgment for appellee on the complaint, awarding him $1,798.33 plus interest and costs.
 {¶ 4} On August 10, 2001, appellant filed objections to the magistrate's recommendations, arguing that the work performed by appellee was never substantiated, and that the work was never completed. Appellant did not file a transcript of the July 20, 2001 hearing in conjunction with his objections. On September 10, 2001, the Chardon Municipal Court considered appellant's objections and adopted the magistrate's recommendations in their entirety.
 {¶ 5} Appellant filed a timely notice of appeal from the court's judgment of September 10, 2001. On October 30, 2001, appellant moved the trial court to vacate its judgment, arguing that appellee, a non-lawyer, was not permitted to represent Northcoast, a corporation, at the hearing, and that Petersen was the proper party for appellee to have sued, not appellant. The trial court held that it had no jurisdiction to consider appellant's motion, because an appeal had been perfected in this court.
 {¶ 6} In his appeal, appellant raises the following assignment of error:
 {¶ 7} "[t]he trial court erred to the prejudice of Defendant by confirming the Magistrate's Findings Recommendations which were in error and contrary to law (Td. at 4)."
 {¶ 8} Appellant presents a single assignment of error subdivided into three issues. In both the first and second issues, appellant argues, in essence, that the real parties in interest were not joined in the case. In his first issue, appellant argues that Northcoast, not appellee, should have been named as plaintiff, and in his second issue, he argues that Petersen should have been named as defendant.
 {¶ 9} Appellant did not raise these issues either before the magistrate or in his objections to the magistrate's recommendations before the trial court. It is axiomatic that a party cannot raise issues for the first time on appeal that were not raised below. See StoresRealty Co., v. Cleveland (1975), 41 Ohio St.2d 41, 43; Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 121. Because these issues were not raised in the lower court, appellant has waived his appeal of them.
 {¶ 10} Furthermore, while he was still before the small claims court, appellant waived the defense that neither he nor appellee are the real parties in interest. Civ.R. 9(A) provides that:
 {¶ 11} "It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."
 {¶ 12} A review of the record reveals no such specific negative averment. As appellant failed to make the averments concerning appellee's capacity to sue and his capacity to be sued, he has waived the alleged error and cannot assign it on appeal. Logan and Co., Inc. v. Cities ofAm., Inc. (1996), 112 Ohio App.3d 276, 279; Valentour v. Alexander
(1994), 96 Ohio App.3d 718, 721; Allstate Ins. Co v. LaCivita (Aug. 9, 1996), 11th Dist. No. 94-P-0118, 1996 Ohio App. LEXIS 3365 at *9-10. Appellant's first and second issues are not well taken.
 {¶ 13} In appellant's third issue, he argues that the magistrate erred by permitting appellee, a non-lawyer, to engage in prohibited acts of advocacy on behalf of Northcoast.
 {¶ 14} R.C. 1925.17 provides that:
 {¶ 15} "A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy."
 {¶ 16} Appellant points to the transcript of the hearing before the magistrate to show that appellee performed acts of advocacy on behalf of Northcoast. The transcript, however, is not properly in the record before this court.
 {¶ 17} When a party objects to a magistrate's report, but does not provide the trial court with a transcript of the hearing, an appellate court is precluded from considering the transcript of the hearing, and may only examine the trial court's decision on the objection to determine whether the application of the law to the magistrate's findings of fact was an abuse of discretion. State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 730.
 {¶ 18} The magistrate's findings of fact and recommendations show no acts of advocacy on the part of appellee beyond those that are permitted by R.C. 1925.17. Because appellant failed to properly provide the trial court with a transcript of the hearing, we are precluded from considering the transcript, despite the fact that appellant filed it with this court. Without a transcript of the hearing, with which to demonstrate the alleged error, this court must presume the regularity of the hearing before the magistrate. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Thus, we presume that the magistrate limited appellee's representation of Northcoast to its proper scope. Appellant's third issue is not well taken.
 {¶ 19} Appellant's assignment of error is without merit, and the judgment of the Chardon Municipal Court is hereby affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.
[1] In the exhibits which make up the record of this case, appellant's company is referred to as "Petersen Construction and Contracting, Inc.," "Peterson Painting/Home Improvement, Inc.," and "Petersen Construction."