# FIRST ENERGY CORP. et al.

### v.

# CLEMSON EXCAVATING, INC.

2004-Ohio-7309.]

Chardon Municipal Court,
Small Claims Division,
Geauga County, Ohio.

No. 2004 CVI 546.

Decided Aug. 16, 2004.

Ricardo J. Cardenas, for plaintiffs.

---

MARK J. HASSETT, Judge.

{¶ 1} This matter comes on for consideration on the court's own motion and in connection with the magistrate's findings and recommendation filed June 23, 2004. Plaintiffs have, on July 9, 2004, filed an objection to the magistrate's findings and recommendation. In particular, plaintiffs argue that the small claims division, per R.C. 1925.17, permits corporations to appear without counsel only as plaintiffs and only in contract actions.

{¶ 2} The court finds that that reading of R.C. 1925.17 is too narrow. The statute by its terms allows for a corporate officer or salaried employee to appear and to present its claim "or defense * * * arising from a claim based on a contract * * * or any other claim to which the corporation is an original claimant."

■ {¶ 3} The court finds that "original claimant" can be construed broadly enough, given the foregoing language, to encompass a corporation named as an original party (the defendant) to an action, in which it is a real party in interest, and in which it wishes to claim a defense to the plaintiff's claim.

{¶ 4} In this context the court notes that the statute appears somewhat awkwardly phrased, but that the emphasis is not to prevent nonattorneys from appearing to assert a defense on behalf of a corporation but to prevent acts of advocacy or preparation of pleadings or motions. See *George Shima Buick, Inc. v. Ferencak* (Dec. 17, 1999), 11th Dist. No. 98–L–202, 1999 WL 1313675.

■ {¶ 5} The court further finds that the magistrate's decision in the instant case evidences no acts of advocacy engaged in by the defense representative, that no objection to the lack of an attorney appearing on behalf of the corporate defendant was made, and that no transcript of proceedings was filed by the objecting party. Therefore, the court is constrained to presume that the plaintiffs waived any objection to the lack of counsel appearing on behalf of the defendant and to presume the regularity in the proceedings. See *Ray v. Petersen,* 11th Dist. No. 2001–G–2387, 2002-Ohio-6575, 2002 WL 31716793; *Logan & Co., Inc. v. Cities of Am., Inc.* (1996), 112 Ohio App.3d 276, 678 N.E.2d 613; and *Burns v. Thermal Constr., Inc.,* 11th Dist. No. 2001–A–0009, 2002-Ohio-2946, 2002 WL 1270006.

{¶ 6} Therefore, it is ordered that the objection to the magistrate's findings and recommendations is hereby overruled, and the findings and recommendations are adopted in their entirety.

{¶ 7} It is further ordered that judgment be and it hereby is awarded in favor of defendant and against plaintiffs, at plaintiffs' costs.