CROW MOTOR SALES, INC., APPELLEE, *v.* EYESTONE, APPELLANT.

[Cite as Crow Motor Sales, Inc., v. Eyestone (1972), 31 Ohio App. 2d 35.]

(No. 16-72-2—Decided July 26, 1972.)

---

*Messrs. Roth & Bacon* and *Mr. Robert B. Spurlock,* for appellant.

*Mr. Russell C. Price* and *Messrs. Mason & Mason,* for appellee.

GUERNSEY, J. The sole issue raised by this appeal is whether defendant, appellant herein, effectively demanded a jury trial. Omitting matters not pertinent to this decision the facts set forth hereinafter appear in the record.

On December 17, 1970, a complaint was filed in the Municipal Court of Upper Sandusky, captioned and reading in pertinent part as follows:

"Crow Motor Sales,
    [address]                 No. 1860
       Plaintiff,

    vs.

  Czerny J. Eyestone,       COMPLAINT
  [address]
       Defendant.

"1. On April 10, 1970, * * * the Defendant Czerny J. Eyestone, while operating a 1959 Ford * * * negligently drove his Ford * * * onto the property owned by Crow Motor Sales, Inc., and struck a parked new 1970 Chevrolet 3/4 ton pick-up truck which was thrown into a parked new 1970 Chevrolet ½ ton pick-up truck.

"2. The two new 1970 Chevrolet trucks owned by the Plaintiff were damaged in the amount of $2502.40.

"3. Wherefore, Plaintiff demands judgment against Defendant in the sum of $2502.40, and costs."

On December 18, 1970, summons similarly captioned was issued notifying Eyestone that he had been named defendant in a complaint filed by "Crow Motor Sales."

On February 12, 1971, defendant filed his answer substantially in the form of a general denial, alleging also the contributory negligence of "the plaintiff."

On September 3, 1971, a demand for jury trial filed by the defendant in accordance with a superseded rule

of the Municipal Court of Upper Sandusky was denied because not filed within the time prescribed by Civil Rule 38(B).

On September 20, 1971, plaintiff moved to amend the complaint by interlineation by adding the phrase, "Inc., an Ohio corporation," after the words "Crow Motor Sales" in the caption, and by adding the phrase, "Crow Motor Sales, Inc., an Ohio corporation," after the word "Plaintiff" in paragraph 2 thereof. This motion was sustained instanter and the interlineation accomplished.

On September 22, 1971, defendant filed an amended answer, mailed to the attorney for plaintiff on September 21, 1971, generally denying the allegations of the complaint, neither admitting or denying ownership of the damaged vehicles "for lack of knowledge," and alleging that the damages were the result of the negligence of one David Crow in the operation of a truck owned by Crow Motor Sales, Inc., and the result of the negligence of Crow Motor Sales, Inc., "a personal holding company for one David Crow."

On September 22, 1971, defendant filed and mailed to counsel for plaintiff demand "for a jury trial in the above cause" which demand was denied on September 28, 1971, as not being timely filed under Civil Rule 38.

Civil Rule 38(B) prescribes that "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue."

The only problem presented here is whether the amended answer filed on September 22, 1971, is the "last pleading directed to such issue," i. e., the issue to be tried by the jury. In determining this we are mindful of the statements appearing in Section 12.08 McCormac Civil Rules Practice 299:

"Sometimes an amendment of the complaint or answer takes place long after a case is at issue and the time for jury demand has lapsed. The federal courts have almost uniformly held that an amendment does not revive the

right to demand a jury unless the amendment converts the action from an equitable one to a case triable by jury *or asserts new issues triable by a jury.* \* \* \*" (Emphasis added.)

We are also mindful that the Civil Rules generally do not require that the capacity of a party to sue be pleaded. Thus, had the plaintiff been named as Crow Motor Sales, Inc. (its proper name under its corporate charter), it would not have been necessary to plead that it is "an Ohio corporation" any more than it would be necessary to plead that John Doe is a minor.

The plaintiff chose to sue in its original complaint in a firm name but the firm name it chose could have been the firm name for an individual business, a partnership business, that of an unincorporated association or that of a corporation chartered by such name. Indeed the language of the original complaint is such that the use of the word, "Inc.," in the first paragraph thereof serves to distinguish the owner of the real estate from the owner of the damaged cars. Thus, the original complaint and answer raised the issues of defendant's negligence in damaging cars owned by a plaintiff who did not also own the real estate on which they were situated and the issue of the contributory negligence of that same plaintiff.

The effect of the amendment to the caption of the complaint by adding the word, "Inc.," results in a different situation and different issues. Now the plaintiff is definitely a corporation, the same corporation that owns the real estate, and a different entity than the one originally named as plaintiff. The amended answer places in issue the negligence of the defendant in damaging cars claimed to be owned by such newly identified plaintiff, and the issues of the contributory negligence of such newly identified plaintiff and of the separate negligence of a third party, David Crow. It is obvious that the amendment of the complaint, in the light of the responsive amended answer, places in issue for jury trial new issues which were other than those raised by the original complaint and answer.

The demand for jury trial, having been served not

later than fourteen days after the service of the amended answer which was directed to the new issues triable by jury, was timely filed and its denial was prejudicial to the defendant. For this prejudicial error defendant is entitled to a new trial.

> *Judgment reversed and cause*
> *remanded for further proceedings.*

YOUNGER, P. J., and COLE, J., concur.