DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, Kayleen's Steak House, appeals the judgment of the Medina County Court of Common Pleas that granted a directed verdict in favor of Defendants-appellees, Joseph and Beverly Marks.
On October 12, 1994, the appellees brought an action in forcible entry and detainer for the eviction of the occupants of 230 South State Street for nonpayment of rent. The trial court ruled in favor of the appellees and denied a stay of execution of judgment pending appeal.[1] On June 30, 1995, the premises were padlocked by officers from the Medina County Sheriff's Department and the Medina Police Department.
Kayleen's subsequently brought an action in conversion against the appellees, averring that they had wrongfully taken possession of property located inside the premises at 230 South State Street with a value of approximately $86,000.00 at the time of the eviction. The case proceeded to a jury trial. Following the close of Kayleen's case, the trial court granted a directed verdict in favor of the appellees and dismissed the appellees' counterclaims without prejudice. Kayleen's timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR
The trial court committed prejudicial error in granting [the appellees'] motion for directed verdict at the close of [Kayleen's] case.
Kayleen's has argued that the trial court erred in granting a directed verdict in favor of the appellees because it failed to prove its existence as a corporation. We agree.
Civ.R. 50(A) (4) provides:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A motion for directed verdict tests the legal sufficiency of the evidence presented; accordingly, neither the weight of the evidence nor the credibility of witnesses may be properly considered. Cater v. Cleveland (1998), 83 Ohio St.3d 24, 33, citing Strother v. Hutchison (1981), 67 Ohio St.2d 282. If substantial, competent evidence has been presented from which reasonable minds could draw different conclusions, the motion must be denied. Wagner v. Roche Laboratories, Inc. (1996), 77 Ohio St.3d 116,119. Because a directed verdict presents a question of law, we review the trial court's judgment de novo. Hardy v.General Motors Corp. (1998), 126 Ohio App.3d 455, 462, citingHowell v. Dayton Power Light Co. (1995), 102 Ohio App.3d 6, 13.
A corporate plaintiff need not aver corporate existence and capacity to sue. See Civ.R. 9(A); Crow Motor Sales v. Eyestone
(1972), 31 Ohio App.2d 35, 38. Conversely, a defendant who wishes to challenge the legal existence of a party to an action must do so "by specific negative averment * * * includ[ing] such supporting particulars as are peculiarly within the pleader's knowledge." Civ.R. 9(A). See, also, Logan Co., Inc. v. Cities of Am. Inc.
(1996), 112 Ohio App.3d 276, 279. Failure to raise capacity in a responsive pleading constitutes waiver of the issue pursuant to Civ.R. 12(H). Gove Associates, Inc. v. Thomas (1977), 59 Ohio App.2d 144,145. See, also, Frate v. Al-Sol (Apr. 22, 1999), Cuyahoga App. No. 73459, unreported, 1999 Ohio App. LEXIS 1829 at *8; Allstate Ins. Co. v. LaCivita (Aug. 9, 1996), Portage App. No. 94-P-0118, unreported, 1996 Ohio App. LEXIS 3365 at *9-10.
During arguments on the appellees' motion for a directed verdict, the trial court reasoned as follows:
 [T]he problem I have * * * is that you've already rested your case, and it's the Court's belief that you had the burden of proof of ownership in this case. The case was brought as Kayleen's Steak House, Inc., and there was no testimony, no-excuse me, no evidence presented to this court that there is a Kayleen's Steak House, Inc.
* * *
 * * * The Court has nothing before it to show that Kayleen's Steak House was a corporation in good standing at the time either of the conversion itself or of the filing of this lawsuit.
* * *
 You still have nothing to show that Kayleen's Steak House, Inc. was a corporation in 1995. The liquor applications are 1994. There's nothing before this Court [to show] that Kayleen's [was] a corporation in 1995.
* * *
 * * * I'm questioning what you have offered to this Court as evidence. We have no-that we don't have the certificate from the State of Ohio to show that Kayleen's is a corporation. We have no minutes. We have no articles of incorporation.
 We have no evidence outside of Mr. Young's testimony that he's an officer, that he has anything to do with this corporation or that this corporation exists.
* * *
 Mr. Young testified that this [property] did not belong to him, it belonged to Kayleen's. We have nothing for the jury to determine that Kayleen's owns this because there's nothing to determine that there is a Kayleen's.
 I am going to direct a verdict on the plaintiff's complaint.
The appellees did not challenge Kayleen's corporate existence in the pleadings and, therefore, waived this issue in the trial court. Because Kayleen's was not required to prove its corporate existence absent a challenge by the appellees' pleadings, the issue was not "determinative" within the meaning of Civ.R. 50(A) (4) and the trial court erred by granting the appellees' motion for a directed verdict on this basis.
Kayleen's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
Exceptions.
 ___________________________ LYNN C. SLABY
BAIRD, P. J.
BATCHELDER, J.
CONCUR
[1] This court affirmed the decision of the trial court inMarks v. Young (Feb. 14, 1996), Medina App. No. 2456-M, unreported.