[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 723.]

THE STATE EX REL. AUGLAIZE MERCER COMMUNITY ACTION COMMISSION,

INC., APPELLANT, *v.* OHIO CIVIL RIGHTS COMMISSION, APPELLEE.

[Cite as *State ex rel. Auglaize Mercer Community Action Comm., Inc. v. Ohio Civ. Rights Comm.*, 1995-Ohio-180.]

*Mandamus to compel Ohio Civil Rights Commission to hold an evidentiary hearing on attorney fees under R.C. 119.092—Writ denied, when.*

(No. 95-368—Submitted July 26, 1995—Decided October 11, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD06-802.

_____

{¶ 1} On April 27, 1990, J. Lee Grant filed a charge with appellee, Ohio Civil Rights Commission ("commission"), alleging that appellant, Auglaize Mercer Community Action Commission, Inc. ("AMCAC"), had engaged in unlawful discriminatory practices. AMCAC is a nonprofit corporation formed as a community action commission pursuant to R.C. 122.69.

{¶ 2} After the commission determined that there was probable cause to support Grant's charge, and attempts at conciliation failed, the commission issued a complaint. A hearing on the case was held before Franklin A. Martens, the Chief Hearing Examiner of the commission. At the hearing, AMCAC was represented by private counsel. Thereafter, the hearing examiner issued a report recommending that the commission dismiss the complaint.

{¶ 3} On June 14, 1993, AMCAC filed an "application for allowance of compensation and reimbursement of expenses on behalf of attorney for the respondent," purportedly in accordance with R.C. 119.092. The commission subsequently accepted the hearing examiner's recommendation and dismissed the case. By letter dated February 18, 1994, AMCAC requested the hearing examiner

to schedule a hearing on its application for attorney fees under R.C. 119.092. The hearing examiner responded by stating in a letter to AMCAC's counsel:

"The Hearing Unit no longer has jurisdiction over the above captioned case. Our jurisdiction ended when the Commission adopted the Hearing Examiner's Report.

"For your information, I am also not aware of any statutory authorization to award fees and costs to a prevailing Respondent in an administrative proceeding before the Commission.

"If you wish to pursue this matter further, I suggest you do so through Commission counsel."

{¶ 4} After it became apparent that the commission would not hold a hearing on AMCAC's request for attorney fees, AMCAC filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus compelling the commission to hold a hearing pursuant to R.C. 119.092. The parties filed motions for summary judgment and stipulations of fact. On January 19, 1995, the court of appeals granted summary judgment in favor of respondent and denied the writ of mandamus.

{¶ 5} The cause is now before this court upon an appeal as of right.

————————————

*Benjamin F. Yale & Associates Co.* and *Benjamin F. Yale.* for appellant.

*Betty D. Montgomery*, Attorney General, and *Nancy Holland Myers*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

{¶ 6} In order to be entitled to a writ of mandamus compelling the commission to hold an evidentiary hearing on attorney fees under R.C. 119.092, AMCAC had to establish (1) a clear legal right to a hearing, (2) a corresponding legal duty on the part of the commission to hold a hearing, and (3) the lack of an

adequate remedy at law. See *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, 326. Further, Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*(1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152.

{¶ 7} The court of appeals granted summary judgment in favor of the commission and denied the writ requested by AMCAC for the following reasons: (1) AMCAC failed to demonstrate a clear legal right to a writ of mandamus compelling the commission to conduct a hearing on AMCAC's request for reimbursement of attorney fees because the commission is not an "agency" for purposes of R.C. 119.092; (2) AMCAC had an adequate remedy at law under R.C. 4112.06 to review of the final order of the commission refusing to hold a hearing on AMCAC's attorney-fees request; and (3) AMCAC was not entitled to attorney fees because the commission did not initiate the charge of unlawful discriminatory practices which was subsequently dismissed.

{¶ 8} AMCAC asserts in its first proposition of law that the court of appeals erred in determining that it was not entitled to a writ of mandamus on the basis that the commission is not an "agency" for purposes of R.C. 119.092.

{¶ 9} R.C. 119.092 provides:

"(B)(1) Except as provided in divisions (B)(2) and (F) of this section, *if an agency conducts an adjudication hearing under this chapter*, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the hearing. ***

"(2) Upon the filing of a motion under this section, the request for the award shall be reviewed by the referee or examiner who conducted the adjudication hearing or, if none, by the agency involved. In the review, the referee, examiner, or agency shall determine whether the fees incurred by the prevailing eligible party exceeded one hundred dollars, whether the position of the agency in initiating the matter in controversy was substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the hearing that unduly and unreasonably protracted the final resolution of the matter in controversy. The referee, examiner, or agency shall issue a determination ***." (Emphasis added.)

{¶ 10} Initially, we note that AMCAC's prayer for relief was limited to a writ of mandamus compelling the commission to hold a hearing on its request for attorney fees under R.C. 119.092. AMCAC claims that "R.C. 119.092 clearly requires that the Commission hold the hearing on attorney[] fees."

{¶ 11} However, R.C. 119.092 does not require a hearing on the motion for attorney fees. Instead, R.C. 119.092 requires only a "review" by the referee or examiner who conducted the adjudication hearing. AMCAC cites no authority to the contrary. Therefore, although "it may be good practice to conduct an evidentiary hearing on the [R.C. 119.092] motion for attorney fees," the commission and/or its hearing examiner did not possess a clear legal duty to do so even assuming, *arguendo*, that R.C. 119.092 is applicable to the commission's proceedings. See Vierow & Lepp, Ohio Administrative Law Guide and Directory (1994) 60, Section T 5.08(C).

{¶ 12} Further, as the court of appeals correctly determined, the commission is not an "agency" for purposes of R.C. 119.092. Under the Administrative Procedure Act, R.C. Chapter 119, "agency" is defined in R.C. 119.01(A) to include (1) agencies specifically named; (2) the "functions of any *** commission of the government of the state specifically made subject to sections

119.01 to 119.13 of the Revised Code"; and (3) administrative agencies with the authority to issue, revoke, suspend or cancel licenses. See *Plumbers & Steamfitters Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 193, 20 O.O.3d 200, 200-201; 421 N.E.2d 128, 129; *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.* (1992), 78 Ohio App.3d 289, 292-293, 604 N.E.2d 775, 777. As the parties concede, the commission is neither an "agency" specifically enumerated in R.C. 119.01(A) nor an agency with licensing functions.

{¶ 13} Accordingly, the parties dispute if the commission is an agency under R.C. 119.01(A) for purposes of an R.C. 119.092 motion for attorney fees under the remaining definitional category, *i.e.*, whether the functions of the commission regarding the award of attorney fees under its enabling legislation, R.C. Chapter 4112, are made specifically subject to R.C. 119.092.

{¶ 14} "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *** In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319, 1323. The literal language of the pertinent statutes must be enforced whenever possible. *Cablevision of the Midwest v. Gross* (1994), 70 Ohio St.3d 541, 544, 639 N.E.2d 1154, 1156.

{¶ 15} Only R.C. 4112.05(G) and 4112.05(I) specifically subject the commission to pertinent provisions of R.C. Chapter 119. *Plumbers & Steamfitters, supra*, 66 Ohio St.2d at 194, 20 O.O.3d at 201, 421 N.E.2d at 130. R.C. 4112.05(G) subjects the commission to R.C. Chapter 119 provisions concerning the issuance of cease and desist orders following the commission's determination that a respondent has engaged in, or is engaging in any unlawful discriminatory practice. R.C. 4112.05(I) subjects the commission to R.C. Chapter 119 provisions concerning modifying or setting aside any finding or order made by the commission under R.C. 4112.05.

**{¶ 16}** Neither R.C. 4112.05(G) nor 4112.05(I) subjects the commission to R.C. 119.092 requirements concerning an award of attorney fees in connection with adjudication hearings. Instead, R.C. Chapter 4112 provides an award of attorney fees only if it finds an unlawful discriminatory practice pertaining to housing under R.C. 4112.02(H). See R.C. 4112.05(G)(1).

**{¶ 17}** AMCAC claims that R.C. 119.092 is a remedial statute which should be liberally construed in its favor. R.C. 1.11; see, also, *Collyer v. Broadview Dev. Ctr.* (1992), 81 Ohio App.3d 445, 450, 611 N.E.2d 390, 393. However, "'[t]here is no need to liberally construe a statute whose meaning is unequivocal and definite.'" See *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 66, 647 N.E.2d 486, 489, quoting *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 525, 634 N.E.2d 611, 614. The meaning of R.C. 119.092 and its inapplicability to the commission's proceedings against AMCAC are unambiguous under the pertinent statutes. AMCAC's first proposition is meritless.

**{¶ 18}** Therefore, the court of appeals did not err in granting summary judgment in favor of the commission and denying the extraordinary relief requested by AMCAC. Based on our disposition of AMCAC's first proposition of law, its remaining propositions are moot.

**{¶ 19}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

––––––––––––––––––