[Cite as *Sims v. Nissan N. Am., Inc.*, 2015-Ohio-5367.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William R. Sims et al., | : | |
| | : | |
| Appellants-Appellants, | | |
| | : | No. 15AP-19 |
| v. | | (C.P.C. No. 14CVF-09-9324) |
| | : | |
| Nissan North America, Inc., | | (REGULAR CALENDAR) |
| | : | |
| Appellee-Appellee. | | |
| | : | |

## D E C I S I O N

### Rendered on December 22, 2015

*Morganstern, MacAdams & DeVito Co., L.P.A.*, and *Christopher M. DeVito*, for appellants.

*Taft, Stettinius & Hollister LLP, Joseph C. Pickens* and *Stephen C. Fitch*; *Dorsey & Whitney LLP, Steven J. Wells* and *Erik D. Ruda*, pro hac vice, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} This appeal arises from an administrative protest filed with the Ohio Motor Vehicle Dealers Board ("Board") by William R. Sims and Sims Buick-GMC Truck, Inc., dba Sims Buick-GMC-Nissan (collectively "Sims") against Nissan North America, Inc. ("Nissan") because Nissan sought to terminate Sims's new car dealership. Although the merits of the protest have been settled in favor of Sims, the matter continues with respect to Sims's request for attorney fees, expert fees, and costs pursuant to the successful protest. The present appeal is taken from a judgment of the Franklin County Court of Common Pleas affirming the Board's adoption of a hearing examiner's decision awarding Sims a reduced amount of attorney fees, expert fees, and costs for the period from June 1, 2011, through January 31, 2014. For the reasons that follow, we affirm.

## I. Procedural History

{¶ 2}  The facts and procedural history of the underlying protest are more fully set forth in this court's prior decision, *Sims v. Nissan North America, Inc.*, 10th Dist. No. 12AP-833, 2013-Ohio-2662. As relevant here, the Board sustained Sims's protest and granted in part his request for attorney fees and costs for the period prior to June 1, 2011, but did not award expert witness fees. *Sims* at ¶ 5. Sims and Nissan both appealed to the common pleas court, which affirmed the Board's order sustaining the protest. The common pleas court also affirmed the order not to award expert witness fees, affirmed the award of costs, and remanded the matter for an evidentiary hearing to support and justify appellants' attorney fees. *Id.* at ¶ 2. Both parties then appealed to this court. We overruled the challenges to the underlying decision granting Sims's protest. *Id.* at ¶ 21. We also sustained in part and overruled in part the challenges to the Board's decision on fees and costs and remanded the matter to the Board for a determination of the reasonableness of expert fees and other costs denied by the Board. *Id.* at ¶ 40. We further ordered the Board to reinstate the uncontroverted amount of attorney fees requested, minus any fees not associated with the protest. *Id.* at ¶ 52.

{¶ 3}  On remand from this court's order, a Board hearing examiner conducted a telephone status conference with the parties regarding resolution of the outstanding fee and cost issues. Pursuant to the telephone conference, the hearing examiner issued an order requiring Sims to submit an affidavit of legal counsel detailing the hours and services provided from June 1, 2011 forward and any other expenses and costs. The hearing examiner further ordered Nissan to file any objections in the form of a brief or affidavit. Sims filed an affidavit from his lead counsel, Christopher M. DeVito ("DeVito affidavit"), detailing the attorney fees, expert fees, and costs incurred in the case, with copies of billing statements attached in support of the affidavit. Nissan submitted an affidavit from one of its attorneys ("Weisenberger affidavit"), presenting exhibits purporting to demonstrate that certain entries on DeVito's billing statements were associated with frivolous or premature motions. Nissan also submitted an affidavit from James B. Niehaus ("Niehaus affidavit") attesting to his experience in the field of motor vehicle dealer representation in Ohio and his knowledge of attorney fee rates charged for

that type of work. Sims then filed a supplemental affidavit from DeVito supporting the claims for attorney fees, expert fees, and costs ("supplemental DeVito affidavit").

{¶ 4} In his affidavits, DeVito asserted that, for the period through May 31, 2011, which was before the hearing examiner as a result of this court's remand order in *Sims*, Sims was entitled to attorney fees of $205,811.66, expert witness fees of $57,700.03, and costs and expenses of $13,982.94. DeVito further asserted that, for the period from June 1, 2011, through January 31, 2014, Sims was entitled to actual attorney fees of $411,864.80 and a 50-percent lodestar multiplier, for total attorney fees of $617,797.20. He also claimed that Sims incurred expert witness costs of $15,000 during 2012 and 2013. Finally, DeVito asserted that Sims was entitled to reimbursement of travel expenses of $6,429.83 incurred during July and October 2010, and litigation and appeal expenses of $8,448.20 for the period from June 1, 2011, through January 31, 2014.

{¶ 5} After the affidavits were submitted, the hearing examiner issued a decision addressing the issues on remand from this court's *Sims* decision and determining the reasonable attorney fees, expert fees, and costs from June 1, 2011, through January 31, 2014. In the decision, the hearing examiner indicated that the parties had agreed to her evaluation of attorney fees, expert fees, and costs on affidavits. With respect to the period through May 31, 2011, the hearing examiner found that $3,333.33 of Sims's attorney fees were not associated with the protest. Accordingly, pursuant to this court's remand order, the hearing examiner awarded Sims attorney fees of $202,478.33, expert witness fees of $57,700.03, and costs of $13,982.94 for the period through May 31, 2011. For the period from June 1, 2011, through January 31, 2014, the hearing examiner concluded that Sims was entitled to attorney fees of $94,785, and that the additional 50-percent upward lodestar modification requested by Sims was not warranted. The hearing examiner further held that Sims was entitled to expert fees of $8,660. She denied Sims's request for $6,429.83 in travel expenses incurred in July and October 2010 and held that Sims was entitled to costs of $7,808.36 for the period from June 1, 2011, through January 31, 2014.

{¶ 6} Sims filed objections to the hearing examiner's decision with the Board; the Board declined to take further action within 30 days and, by operation of law under R.C. 4517.58, the hearing examiner's decision was considered to be approved by the Board. Sims then filed an appeal under R.C. 119.12 with the Franklin County Court of Common

Pleas, arguing that the Board erred as a matter of law and violated his right to due process by failing to award the requested amount of attorney fees, expert fees, and costs, by failing to conduct a hearing on the issue of fees and costs or allow discovery of Nissan's attorney fees, and by awarding a reduced amount of attorney fees, expert fees, and costs. The common pleas court affirmed the Board's adoption of the hearing examiner's decision, concluding that the hearing examiner did not err as a matter of law or violate Sims's right to due process by awarding less than requested and not conducting a hearing or allowing discovery of Nissan's attorney fees. The court concluded that the hearing examiner's award was supported by reliable, probative, and substantial evidence.

{¶ 7} Sims appeals from the lower court's decision, assigning three errors for this court's review:

> I. The Board erred for a second time, as a matter of law and violating Sims' constitutional due process rights, by ignoring controlling Ohio precedent and the law of the case establishing that the Ohio Dealer Act standard for a fees and costs petition, pursuant to R.C. 4517.65(C), is an attorney's recapitulation of time and expenses through an affidavit, which establishes prima facie evidence of the amount to be awarded.
>
> II. The Board erred for a second time, as a matter of law and violating Sims' constitutional due process rights, by (1) refusing to allow discovery of Nissan's hourly attorney rates and itemized attorney time records and (2) denying a hearing on the merits regarding the disputed reasonable hourly rates, total amount of attorney time, expert witness fees, and costs for 2.5 years of administrative appeals.
>
> III. The Board erred for a second time, as a matter of law and violating Sims' constitutional due process rights, by reducing—in a vacuum—the prima facie evidence establishing Sims' attorney fees and costs petition, which was supported by an affidavit with itemized attorney time, itemized expenses, and <u>un</u>controverted by any relevant or material evidence by Nissan.

(Emphasis sic.)

## II. Standard of Review

{¶ 8} In an appeal under R.C. 119.12, the common pleas court must affirm an order from an agency or board if, based on a consideration of the entire record, the order

"is supported by reliable, probative, and substantial evidence, and is in accordance with law." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955).

{¶ 9}   The standard of review for a court of appeals in an administrative appeal is more limited; the court of appeals must determine whether the court of common pleas abused its discretion. *Pons* at 621. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).   However, on questions of whether the agency or board's decision was in accordance with law, we exercise plenary review. *Gralewski v. Ohio Bur. of Workers' Comp.*, 167 Ohio App.3d 468, 2006-Ohio-1529, ¶ 17.

## III. Second Assignment of Error – Hearing and Discovery

{¶ 10} We begin with Sims's second assignment of error, in which he argues that the hearing examiner erred by denying a hearing on the issue of attorney fees and costs and by denying the request for discovery of Nissan's attorney fees. We will consider each of these issues separately.

{¶ 11} Sims argues that the hearing examiner erred by denying a hearing on the issue of attorney fees and costs before awarding less than the amount requested. The statute authorizing attorney fees for successful protesting motor vehicle dealers, R.C. 4517.65, is silent as to whether a hearing is required before the Board may award attorney fees and costs. There also does not appear to be any case law holding that the Board must conduct a hearing prior to awarding attorney fees and costs under R.C. 4517.65(C).

{¶ 12} A similar statute under the Ohio Administrative Procedure Act providing for recovery of attorney fees by prevailing parties in administrative hearings is also silent as to whether a hearing must be conducted before fees may be awarded. *See* R.C. 119.092. Although noting that it may be good practice to conduct an evidentiary hearing on a motion for attorney fees under that statute, the Supreme Court of Ohio has held that a hearing is not required because the statute merely requires that the referee or examiner

who conducted the hearing must review the fee request. *State ex rel. Auglaize Mercer Community Action Comm., Inc. v. Ohio Civ. Rights Comm.*, 73 Ohio St.3d 723, 726 (1995). By contrast, R.C. 2323.51, which permits a court to award attorney fees as a sanction for frivolous conduct, expressly provides that the court must conduct a hearing before making such an award. R.C. 2323.51(B)(2)(c). *See also Donaldson v. Todd*, 174 Ohio App.3d 117, 2007-Ohio-6504, ¶ 9 (10th Dist.) (noting that a trial court may deny a motion for attorney fees as a sanction without conducting a hearing if it concludes that there is no basis for the motion but that it must conduct a hearing on motions that demonstrate arguable merit).

{¶ 13} Sims does not appear to argue that a hearing must *always* be conducted when attorney fees and costs are sought under R.C. 4517.65(C). Rather, Sims asserts that *if* the hearing examiner was going to award less than he requested, she was required to conduct an evidentiary hearing. Sims claims that the failure to conduct a hearing violated his constitutional right to due process. The court below concluded that Sims waived the opportunity for a hearing because he did not unconditionally request one. After reviewing the record, we conclude that the lower court did not err in reaching this conclusion.

{¶ 14} "The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard." *Korn v. Ohio State Med. Bd.*, 61 Ohio App.3d 677, 684 (10th Dist.1988), citing *Luff v. State*, 117 Ohio St.2d 102 (1927). " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Althof v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-1169, 2007-Ohio-1010, ¶ 19, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

{¶ 15} In this case, the hearing examiner conducted a telephone status conference on February 4, 2014. The hearing examiner's final order indicates that, during the telephone conference, the parties agreed to evaluation of the issue of attorney fees and costs through submission of affidavits. Pursuant to an order issued by the hearing examiner following the telephone conference, Sims submitted an affidavit from his attorney in support of the request for fees and costs. The caption of that filing included the

phrase "Hearing Requested if Objection by Nissan or Reduction to Fees and Costs by Board." (Feb. 20, 2014 Notice of Filing Affidavit.) Within the notice of filing the affidavit, Sims asserted that, if Nissan objected to the amount of attorney fees and costs, or if the hearing examiner contemplated a reduction in the award, a hearing was required. After Nissan filed a brief in opposition to the request for attorney fees and costs, Sims filed a reply in support of the request. Once again, this filing contained a caption indicating "Discovery and Hearing Requested if Total Fees and Costs Not Awarded by Board" and asserted that Sims should be given the opportunity to present further evidence at a hearing if the hearing examiner recommended a reduction in the amount of attorney fees and costs. (Mar. 24, 2014 Reply in Support.) Notably, the hearing examiner's decision indicates that, during a telephone status conference on March 21, 2014, she presented the parties with an opportunity to submit an unconditional request for a hearing and that none of the parties did so.

{¶ 16} The record indicates that Sims was not denied an opportunity to be heard. At best, Sims only made a conditional request for a hearing, arguing that, if an unfavorable outcome was forthcoming, he should be provided with the opportunity to present additional evidence and testimony in support of the request for attorney fees, expert fees, and costs. In effect, this would require the hearing examiner to reach a preliminary conclusion and, if it was unfavorable to Sims, afford him *another* opportunity to persuade her. Sims fails to cite any precedent holding that due process requires such a contingency. If Sims believed a hearing was necessary, he should have made an unconditional request. Thus, the lower court did not err by holding that Sims waived the right to request a hearing. *See State ex rel. Scioto Cty. Child Support Enforcement Agency v. Gardner*, 113 Ohio App.3d 46, 52 (4th Dist.1996) (holding that party waived the right to a hearing by making a conditional request indicating that another hearing should be conducted if particular issues were not clear to the court).

{¶ 17} Sims further argues that the hearing examiner erred by denying the request for discovery of Nissan's attorney fee rates and itemized time records. Sims argues that Nissan's attorney fees were relevant to the determination of the reasonableness of Sims's request for attorney fees. The court below determined that Sims waived this issue because the discovery requests were contingent on the hearing examiner conducting a hearing.

{¶ 18} Under R.C. 4517.57(B), parties may engage in discovery prior to a hearing before the Board in accordance with the civil rules. Rulings on discovery are within the discretion of the administrative tribunal. *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.*, 61 Ohio St.3d 607, 617 (1991).

{¶ 19} In this case, the hearing examiner's order of February 4, 2014, indicated that Sims's request for discovery of Nissan's attorney fees was overruled but that it could be reconsidered at a subsequent status conference when the hearing examiner would determine any remaining discovery issues. In his subsequent filings, Sims asserted that discovery of Nissan's attorney fees was required *if* the hearing examiner was going to award less than the requested amount of attorney fees and costs. Thus, similar to the hearing request discussed above, it appears that Sims only made a conditional discovery request. In addition, the lower court concluded that Sims failed to establish the relevance of the requested discovery. As discussed more fully herein, the hearing examiner's reductions to the amount of attorney fees, expert fees, and costs awarded were based in part on specific deficiencies in the evidence presented. Sims argues that discovery of Nissan's attorney time and hourly rates would be relevant to the determination of the reasonableness of Sims's attorney fees and costs; however, Sims has failed to demonstrate how it would be relevant to the specific deficiencies cited by the hearing examiner. Under these circumstances, the lower court did not err by determining that Sims waived this issue by making a conditional request for discovery and failed to demonstrate the relevance of the discovery sought.

{¶ 20} Accordingly we overrule Sims's second assignment of error.

## IV. First Assignment of Error – Award of "Uncontroverted" Attorney Fees

{¶ 21} In his first assignment of error, Sims argues that the Board erred by ignoring controlling case law providing that an attorney's recapitulation of time and expenses through an affidavit is prima facie evidence of the amount to be awarded. Sims asserts that Nissan failed to provide any substantive or material evidence in opposition to the DeVito affidavit. Based on this assertion, Sims appears to argue that the hearing examiner was required to award the full amount of attorney costs and fees requested. The lower court rejected this argument, holding that even an uncontroverted claim for fees and costs must still be reviewed by the tribunal issuing the award.

{¶ 22} As this court noted in *Sims*, when an attorney's recapitulation of fees is accepted as evidence and is uncontradicted by opposing counsel, it is sufficient to maintain a motion for attorney fees. *Sims* at ¶ 48, citing *Earl Evans Chevrolet, Inc. v. Gen. Motors Corp.*, 74 Ohio App.3d 266, 286 (11th Dist.1991). However, the fact that an affidavit providing a recapitulation of fees is sufficient to support the motion does not mean that the tribunal is restricted to simply awarding the amount set forth in the affidavit. The *Sims* decision explained that, in determining a fee award, the tribunal must compute the "lodestar" figure—i.e., the number of hours expended by a reasonable hourly rate. *Id.* at ¶ 46, citing *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145 (1991). Further, once the tribunal has calculated the lodestar figure, it may modify the calculation in accordance with the factors set forth in Prof.Cond.R. 1.5(a). *Id.* Accordingly, the lower court did not abuse its discretion by rejecting this argument from Sims.

{¶ 23} Accordingly, we overrule Sims's first assignment of error.

## V. Third Assignment of Error – Determination of Reasonable Attorney Fees, Expert Fees, and Costs

{¶ 24} In the third assignment of error, Sims asserts that the Board erred by awarding less in attorney fees, expert fees, and costs than requested. Sims reiterates many of the arguments raised in the first assignment of error, again asserting that the evidence in support of the motion for fees and costs was uncontroverted and that the Board was therefore required to award the amount requested by appellants. Sims raised this argument in the common pleas court, and the court concluded that there was reliable, probative, and substantial evidence to support the Board's award of attorney fees, expert fees, and costs.

{¶ 25} As explained in our prior decision, when a tribunal is empowered by statute to award attorney fees, the amount of fees is within the sound discretion of the tribunal. *Sims* at ¶ 46, citing *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91 (12th Dist.1985). That discretion is not unfettered, however. "The tribunal must base its determination of reasonable attorney fees upon the actual services performed, and there must be some evidence that supports the tribunal's determination." *Id.* at ¶ 47. An application for attorney fees must contain sufficient documentation of the hours worked and the work performed to allow a determination regarding the merits of the application.

*Id.* The party seeking attorney fees bears the burden of proving that the time was fairly and properly used and the reasonableness of the time expended. *Id.* The Board also has authority to award expert fees and litigation costs. *Id.* at ¶ 39. The Board's discretion to reimburse a protestant for every expense involved in a case is also not unlimited; items proposed as costs must be given "careful scrutiny," and the Board must consider the reasonableness of expert fees and costs. *Id.* at ¶ 40.

{¶ 26} In an appeal from a Board order ruling on a request for attorney fees, expert fees, and costs, the common pleas court, acting as an appellate court, must determine whether the order is supported by reliable, probative, and substantial evidence. *Id.* at ¶ 49, citing R.C. 119.12. The lower court in this case concluded that there was reliable, probative, and substantial evidence supporting the award of costs and fees and that the Board did not abuse its discretionary authority in making the award. The court noted that Nissan presented affidavits and arguments refuting the necessity and reasonableness of some of the amounts included in Sims's evidence and the reasonableness of the hourly fee charged by DeVito and that certain entries from the bills submitted by DeVito supported the reductions made by the hearing examiner. Our review, however, is limited to determining whether the common pleas court abused its discretion in determining whether the award was supported by reliable, probative, and substantial evidence. *Id.* at ¶ 8.

### A. Determination of Reasonable Hourly Rate for Attorney Fees

{¶ 27} The hearing examiner analyzed Sims's request for attorney fees by considering the reasonableness of the hourly rates charged and the number of hours expended, as well as whether any adjustment was appropriate under the Prof.Cond.R. 1.5(a) factors. With respect to hourly rates, DeVito asserted that he charged between $550 and $600 per hour in 2011, between $600 and $650 per hour in 2012, between $650 and $700 per hour in 2013, and between $700 and $900 per hour in 2014. He also asserted that work by associates in his law firm was billed at rates between $300 and $400 per hour during 2011 and 2012.

{¶ 28} The hearing examiner noted that the Niehaus affidavit submitted by Nissan asserted that prevailing rates during that period for attorneys representing Ohio automotive dealers in disputes with manufacturers were in the range of $250 to $500 per

hour. The hearing examiner also noted that, in a prior affidavit made in 2011, Sims's counsel attested that standard billing rates for attorneys in his law firm ranged between $200 and $500 per hour and that Nissan had not objected to those hourly rates. Based on that evidence, the hearing examiner concluded that rates in excess of $500 per hour were unreasonable and that $500 per hour was a reasonable rate for work performed by DeVito. The hearing examiner further concluded that the DeVito affidavit failed to provide sufficient information regarding the qualifications of the associate attorneys who worked on the case and that she was unable to determine a reasonable hourly rate for their work. Thus, it appears that the hearing examiner relied on the Niehaus affidavit and the DeVito affidavit in assessing a reasonable hourly rate for the work performed. The common pleas court did not abuse its discretion in determining that this portion of the award was supported by reliable, probative, and substantial evidence.

**B. Determination of Reasonable Number of Attorney Hours**

{¶ 29} With respect to the number of hours expended, the DeVito affidavit included itemized annual billing records detailing the hours worked on the case each day and descriptions of the tasks performed during that time. In response, Nissan presented an affidavit from one of its attorneys asserting that certain entries on the billing records from DeVito were associated with frivolous or premature motions.

{¶ 30} In her decision, the hearing examiner asserted that she undertook an independent review of the itemized time set forth in the records attached to the DeVito affidavit. She noted that many of the entries on the bills involved "block billing," with multiple tasks described in a single paragraph followed by the total amount of time spent on all tasks, and concluded that these entries did not reflect how much time was spent on each task. The hearing examiner concluded that this made it difficult to assess the reasonableness and necessity of the amount of time spent on each task. The hearing examiner specifically cited items indicating that DeVito personally performed work such as conversion of digital file formats, correction of document formatting, and correction of grammatical errors at a rate of $500 per hour. She also noted certain entries that included duplicated or redacted charges. Based on her review of the itemized billing statements, the hearing examiner concluded that Sims's attorney fee request included excessive billing surpassing what would be necessary under typical circumstances. As a result of this

conclusion, the hearing examiner reduced the number of hours for which Sims would receive attorney fees.

{¶ 31} For the year 2011, the DeVito affidavit and invoices attached to the affidavit indicated that DeVito and attorneys with his firm performed 94.93 hours of work on the termination protest and associated appeals.[1] The hearing examiner concluded that 30 hours of attorney time would have been reasonable for that year, effectively reducing Sims's request by 68 percent. The hearing examiner identified a total of 64.93 hours that she was deducting from the 2011 invoices. The decision included an itemized list of deductions amounting to 17.06 hours of attorney time. The itemized deductions included time billed for the associate attorneys whose qualifications were insufficiently set forth in the DeVito affidavit, time spent on non-compensable claims, and time entries that were redacted or duplicative. The hearing examiner further deducted an additional 47.87 hours "for excessive billing far surpassing what is necessary under typical circumstances and pursuant to the downward adjustments warranted by [the hearing examiner's Prof.Cond.R. 1.5 analysis]." (Decision on Remand, 13.)

{¶ 32} Similarly, for the year 2012, the DeVito affidavit and attached invoices indicated that DeVito and attorneys with his law firm performed 392.77 hours of work on the termination protest and associated appeals. The hearing examiner concluded that 100 hours of attorney time would have been reasonable, or 74 percent less than indicated in the DeVito affidavit. Of the 292.77 hours deducted, the hearing examiner identified 26.25 hours of itemized deductions, including time labeled "no charge," time billed for an associate attorney whose qualifications were insufficiently set forth in the DeVito affidavit, time spent on non-compensable claims, and time entries that were redacted or duplicative. The hearing examiner also deducted an additional 266.52 hours "for excessive billing far surpassing what is necessary under typical circumstances and pursuant to the downward adjustments warranted by [the hearing examiner's Prof.Cond.R. 1.5 analysis]." (Decision on Remand, 15.)

---

[1] We note that there appears to be a discrepancy between the text of the DeVito affidavit and the attached invoices. In the affidavit, DeVito asserts that his firm performed 94.63 hours of work on the matter in 2011. (DeVito Affidavit, ¶ 7.) The 2011 invoice attached to the affidavit indicates that attorneys associated with DeVito's law firm performed 94.93 hours of work on the matter in 2011. Because the hearing examiner appears to have used the latter number, we will do the same.

{¶ 33} For the year 2013, the DeVito affidavit and attached invoices indicated that DeVito and attorneys with his law firm performed 148.29 hours of work on the termination protest and associated appeals. The hearing examiner concluded that 50 hours of attorney time would have been reasonable, or 66 percent less than indicated in the DeVito affidavit. The hearing examiner deducted a total of 98.26 hours from the attorney time requested for 2013. The deductions included 14.50 hours of itemized deductions, including time entries that were redacted or duplicative, time entries for general business representation, and time entries for correcting formatting and syntax in the briefs. The hearing examiner also deducted an additional 83.76 hours "for excessive billing far surpassing what is necessary under typical circumstances and pursuant to the downward adjustments warranted by [the hearing examiner's Prof.Cond.R. 1.5 analysis]." (Decision on Remand, 17.)

{¶ 34} The Board's award of attorney fees must be based on the actual services performed, and there must be some evidence that supports its determination of the amount of attorney fees awarded. *Sims* at ¶ 47. With respect to the itemized deductions from the DeVito invoices, the hearing examiner clearly identified the evidence supporting her determination by citing specific time entries or specific types of time for which she would not award attorney fees. These portions of the hearing examiner's decision were clearly supported by reliable, probative, and substantial evidence, and the common pleas court did not abuse its discretion by concluding that the record supported them.

{¶ 35} The majority of the hours deducted by the hearing examiner, by contrast, were classified within the broad description of "excessive billing surpassing what is necessary under typical circumstances" and pursuant to the hearing examiner's Prof.Cond.R. 1.5 analysis. It is appropriate for the Board to exclude unreasonably expended hours from an attorney fee award. *See, e.g., Pack v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 18 (in a case addressing attorney fees under the Consumer Sales Practices Act, holding that the trial court should exclude unreasonably expended hours and defining unreasonably expended hours as "those that are excessive in relation to the work done, are duplicative or redundant, or simply unnecessary"). Nevertheless, in order to determine whether the trial court abused its discretion in affirming these deductions, we must consider whether the hearing examiner's explanation

of these deductions for excessive billing was sufficient to allow the trial court to determine whether the deductions were based on reliable, probative, and substantial evidence.

{¶ 36} The parties did not present case law addressing the issue of what constitutes sufficient explanation or justification for award or reduction of attorney fees pursuant to R.C. 4517.65(C) when the amount is contested, and our research has not revealed any case law directly on point. Therefore, we have looked to other statutes providing for the award of attorney fees. In other contexts, courts have noted the need for a sufficient explanation of the basis for a fee award. Thus, the Supreme Court of Ohio has held that, when making a fee award under the Consumer Sales Practices Act, "the trial court must state the basis for the fee determination." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). "Absent such a statement, it is not possible for an appellate court to conduct a meaningful review." *Id.* Similarly, this court has stated that, "[a]lthough [a] trial court enjoys broad discretion in setting the amount of attorney fees, it must state the basis for the fee determination. Without such a statement, an appellate court cannot conduct a meaningful review." *Pack v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 16, citing *Bittner* at 146. Similarly, under the statute providing for an award of reasonable attorney fees when a landlord fails to comply with the statutory requirements governing the deduction or return of tenant security deposits, this court has noted that an explanation is necessary to determine the appropriateness of the attorney fee award. *Ridenour v. Dunn*, 10th Dist. No. 03AP-611, 2004-Ohio-3375, ¶ 10-12. *See also Whitestone Co. v. Stittsworth*, 10th Dist. No. 06AP-371, 2007-Ohio-233, ¶ 62 ("As in *Ridenour*, we cannot find the attorney fee award, on its face, to be an abuse of the trial court's discretion; however, it is sufficiently disproportionate to the damages obtained to raise a question as to reasonableness under R.C. 5321.16(C). Indeed, we are unable to determine which of the DR 2-106(B) factors, if any, the trial court applied.").

{¶ 37} However, the absence of a detailed explanation will not necessarily require reversal of an attorney fee award where there is no showing of material prejudice. *See Action Group, Inc. v. NanoStatics Corp.*, 10th Dist. No. 13AP-72, 2013-Ohio-5542, ¶ 73 ("We impose this requirement [of an explanation for why an attorney fee award was reasonable] to ensure our ability to meaningfully review the trial court's attorney-fee calculation. We nevertheless conclude that the absence of an explanation does not

warrant reversal in this case. A reviewing court will not disturb a judgment unless the error contained within is materially prejudicial to the complaining party.").

{¶ 38} In her decision, prior to discussing the specific requests for a lodestar multiplier, reasonableness of rates charged, reasonableness of hours expended, and expert fees and costs, the hearing examiner observed that Prof.Cond.R. 1.5 addresses legal fees and that, although it is a disciplinary rule, it provides guidance in determining the reasonableness of attorney fees. The hearing examiner quoted Prof.Cond.R. 1.5, including factors (1) through (8) and the instruction that " '[a] fee is clearly excessive when, after a review of the facts, *a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.*' " (Emphasis added.) (Decision on Remand, 4.) The hearing examiner then proceeded to conduct a Prof.Cond.R. 1.5 factor-by-factor examination of Sims's request for a lodestar multiplier. (Decision on Remand, 7-10.) The hearing examiner's analysis of the reasonableness of rates and hours expended and expert fees and costs, however, was more general and did not include a similar factor-by-factor examination of Prof.Cond.R. 1.5. (Decision on Remand, 1-19.) Therefore, the significant deductions attributed to "excessive billing far surpassing what is necessary under typical circumstances and pursuant to the downward adjustments warranted by [the hearing examiner's Prof.Cond.R. 1.5 analysis]" must be considered to determine whether the general discussion was sufficient to allow the trial court to determine whether the deductions were based on reliable, probative, and substantial evidence. (Decision on Remand, 13.)

{¶ 39} As noted previously, the hearing examiner appears to have undertaken a thorough review of the evidence before her, including the affidavits from Sims's counsel and the affidavits submitted by Nissan. Futhermore, although the hearing examiner did not conduct a factor-by-factor analysis of Prof.Cond.R. 1.5, her general analysis points to several specific factors. For instance, regarding the deduction for 2011, the hearing examiner generally appears to discuss Prof.Cond.R. 1.5(1): the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly. The hearing examiner stated as follows:

> During [the seven months itemized on Exhibit 1], there were no hearings or oral arguments to prepare for or attend, no appellate briefs to draft, and no travel time; instead Protestant

> drafted and filed objections to an order, prepared an affidavit and reply in support of attorneys fees, and filed a motion to compel and reply in support. The remaining time is, for the most part, listed as communications with the protestant, the Board and opposing counsel. It is not reasonable in any sense of the word to charge $46,614.95 for the drafting and filing of 5-6 documents including research, and engaging in communications with the parties over a seven month period.

(Decision on Remand, 12-13.)

{¶ 40} Regarding the deduction for 2012, the hearing examiner generally appears to discuss Prof.Cond.R. 1.5(4): the amount involved and the results obtained. The hearing examiner stated:

> For the 2012 time, Respondent specifically argues for the reduction of the fees charged against them pertaining to Protestant's unsuccessful Motion to Dismiss and Motion for Summary Judgment in the appeal before the Franklin County Court of Common Pleas. This argument has merit because it is not appropriate to award fees to a party who purposefully or unsuccessfully runs up the fee. On the other hand, there is no rule of law limiting a prevailing party to receive only fees associated with victories.

(Decision on Remand, 14.) The hearing examiner generally appears to discuss Prof.Cond.R. 1.5(1): the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, as well as Prof.Cond.R. 1.5(7): the experience, reputation, and ability of the lawyer performing the services. The hearing examiner stated: "What is more troubling is the fact that more than 392 attorney hours were expended during the briefing portion of the appeals. This is an extremely high number of hours by an attorney who claims to be well-versed in new motor vehicle dealer-manufacturer litigation." (Decision on Remand, 14.) In addition, the hearing examiner cited the standard from Prof.Cond.R. 1.5 when she concluded that she is left "with a definite and firm conviction that the fees charged by the Protestant's counsel for the 2012 calendar year were in excess of a reasonable fee." (Decision on Remand, 14.)

{¶ 41} Regarding the deduction for 2013, once again, the hearing examiner generally appears to discuss Prof.Cond.R. 1.5(1): the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly. The hearing examiner stated: "According to Exhibits 3 and 5, counsel spent

more than 45 hours preparing for and attending the oral argument of the appeal before the Tenth District Court of Appeals. More than a week of full-time work to prepare for and participate in, a routine oral argument was unwarranted and unnecessary." (Decision on Remand, 16.)

{¶ 42} After reviewing the hearing examiner's decision, and taking into consideration the general discussion of factors when considering the reasonableness of fees, together with the specific discussion of Prof.Cond.R. 1.5 factors at the beginning of her decision, we cannot conclude that the lower court abused its discretion by finding that this portion of the hearing examiner's decision was supported by reliable, probative, and substantial evidence. Furthermore, as previously discussed, although an attorney's explanation of his fees may constitute sufficient evidence to support a request for fees, the board was not required to award the amount requested by Sims. Under these circumstances, we cannot find that it was unreasonable, arbitrary, or unconscionable for the lower court to affirm this portion of the Board's order.

### C. Determination of Lodestar Multiplier

{¶ 43} The hearing examiner also rejected Sims's request for a 50-percent upward lodestar multiplier based on the factors set forth in Prof.Cond.R. 1.5(a). The examiner considered each of the eight factors set forth under the rule in light of the evidence presented by Sims, concluding that five factors were neutral, three warranted a downward adjustment, and one was not applicable under the circumstances. The hearing examiner reached these conclusions by reviewing this court's prior decision, the DeVito affidavit and attached invoices, and the Niehaus affidavit. Thus, this portion of the decision was supported by reliable, probative, and substantial evidence.

### D. Determination of Reasonable Expert Fees and Litigation Costs

{¶ 44} The hearing examiner awarded a reduced amount of expert fees and other costs. With respect to expert fees, the hearing examiner noted Nissan's argument that there were no invoices from expert witnesses, evidence of payments to experts, or evidence of expert testimony or expert reports produced during the relevant time period. However, the hearing examiner concluded that there were time entries on DeVito's billing statements reflecting communications with experts. In the absence of statements or other evidence reflecting actual payments to experts, the hearing examiner calculated the

amount of time spent by DeVito communicating or meeting with experts; the hearing examiner then multiplied that time by a rate of $500 per hour, which she concluded was a reasonable rate because it was the same hourly rate applied for DeVito. The hearing examiner concluded that the DeVito affidavit provided insufficient evidence to support the claim for travel expenses in July and October 2010. Finally, the hearing examiner made minor reductions to the costs requested by Sims for the period from June 1, 2011, through January 31, 2014, because of redactions and duplications she identified in the billing statements. The common pleas court did not abuse its discretion by concluding that this portion of the award was supported by reliable, probative, and substantial evidence.

{¶ 45} After reviewing the hearing examiner's decision, we find that the trial court did not abuse its discretion in finding that reliable, probative, and substantial evidence supported the award of attorney fees, expert fees, and costs, including the itemized deductions and the general deductions based on "excessive billing far surpassing what is necessary under typical circumstances and pursuant to the downward adjustments warranted by [the hearing examiner's Prof.Cond.R. 1.5 analysis]."

{¶ 46} Accordingly, we overrule Sims's third assignment of error.

## VI. Conclusion

{¶ 47} For the foregoing reasons, we overrule all three of Sims's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

_____